| | | |
|---|---|---|
| 1 | HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com | MORGAN CHU (CA SBN 70446)<br>mchu@irell.com |
| 2 | MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com | JONATHAN S. KAGAN (CA SBN 166039)<br>jkagan@irell.com |
| 3 | MATTHEW I. KREEGER (CA SBN 153793)<br>mkreeger@mofo.com | IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900 |
| 4 | RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com | Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010 |
| 5 | MORRISON & FOERSTER LLP<br>425 Market Street | Facsimile: (310) 203-7199 |
| 6 | San Francisco, California 94105-2482<br>Telephone: (415) 268-7000 | LISA S. GLASSER (CA SBN 223406)<br>lglasser@irell.com |
| 7 | Facsimile: (415) 268-7522 | DAVID C. MCPHIE (CA SBN 231520)<br>dmcphie@irell.com |
| 8 | | IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400 |
| 9 | | Newport Beach, California 92660-6324<br>Telephone: (949) 760-0991 |
| 10 | | Facsimile: (949) 760-5200 |
| 11 | Attorneys for Plaintiff/Counter-Defendant<br>PALO ALTO NETWORKS, INC. | Attorneys for Defendant/Counter-Claimant<br>JUNIPER NETWORKS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 18 | PALO ALTO NETWORKS, INC., | Case No.   4:13-cv-04510-SBA |
| 19 | Plaintiff/Counter-Defendant, | [PROPOSED] STIPULATED<br>PROTECTIVE ORDER |
| 20 | v. | |
| 21 | JUNIPER NETWORKS, INC., | |
| 22 | Defendant/Counter-Claimant. | |

WHEREAS, Plaintiff Palo Alto Networks, Inc. ("PAN") and Defendant Juniper Networks, Inc. ("Juniper") each possess information relating to this matter that they consider confidential;

WHEREAS, the parties recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential information to the other party, but they desire to ensure that such confidential information shall not be made public;

WHEREAS, the parties, by and through their respective counsel of record, have stipulated to entry of this Order to prevent unnecessary disclosure or dissemination of their confidential information;

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the plaintiff and the defendant, and subject to the approval of the Court, as follows:

**PROCEEDINGS AND INFORMATION GOVERNED.**

1. This Order ("Protective Order"), made under Fed. R. Civ. P. 26(c), governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. The information protected also includes proprietary computer source code that will be designated by a party as "Highly Confidential Information – Source Code" in accordance with the terms of the Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**DESIGNATION AND MAINTENANCE OF INFORMATION.**

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential; (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information; and (c) the "Highly Confidential Information – Source Code" designation means that the computer code or document comprises information that the producing party deems extremely sensitive, which may include, but is not limited to, confidential and proprietary computer code and associated comments and revision histories, formulas, engineering specifications, or schematics, that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**Designations**

3.      Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a "Confidential" legend.

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows: "Confidential – Attorney Eyes Only."

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Highly Confidential Information – Source Code by placing on each page and each thing (or otherwise marking) a legend substantially as follows: "Highly Confidential Information – Source Code."

A party may designate information disclosed at a deposition as Confidential Information,

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page4 of 19

1  Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code
2  by requesting the reporter to so designate the transcript or any portion of the transcript at the time
3  of the deposition. If no such designation is made at the time of the deposition, any party will have
4  fourteen (14) calendar days after the date of the deposition to designate, in writing to the other
5  parties and to the court reporter, whether the transcript is to be designated as Confidential
6  Information, Confidential Attorneys Eyes Only Information, or Highly Confidential Information
7  – Source Code. If no such designation is made at the deposition or within this fourteen (14)
8  calendar day period (during which period, the transcript must be treated as Confidential Attorneys
9  Eyes Only Information, unless the disclosing party consents to less confidential treatment of the
10 information), the entire deposition will be considered devoid of Confidential Information,
11 Confidential Attorneys Eyes Only Information, or Highly Confidential Information – Source
12 Code. Each party and the court reporter must attach a copy of any final and timely written
13 designation notice to the transcript and each copy of the transcript in its possession, custody or
14 control, and the portions designated in such notice must thereafter be treated in accordance with
15 this Protective Order. It is the responsibility of counsel for each party to maintain materials
16 containing Confidential Information, Confidential Attorney Eyes Only Information, or Highly
17 Confidential Information – Source Code in a secure manner and appropriately identified so as to
18 allow access to such information only to such persons and under such terms as is permitted under
19 this Protective Order.

20 **INADVERTENT FAILURE TO DESIGNATE.**

21  4.  Any information (including documents) produced in this action that a party later
22 claims should not have been produced due to a privilege or protection from discovery, including
23 but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or
24 settlement privilege, shall not be deemed to waive any such privilege or protection based merely
25 on the fact of production. A party may request the return or destruction of such information,
26 which request shall identify the information and the basis for requesting its return. If a receiving
27 party receives information that the receiving party believes may be subject to a claim of privilege
28 or protection from discovery, the receiving party shall promptly identify the information to the

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page5 of 19

1  producing party.

2      5. When a producing party or receiving party identifies such privileged or protected
3  information, a receiving party: 1) shall not use, and shall immediately cease any prior use of, such
4  information; 2) shall take reasonable steps to retrieve the information from others to which the
5  receiving party disclosed the information; 3) shall within five (5) business days of the producing
6  party's request return to the producing party or destroy the information and destroy all copies
7  thereof. No one shall use the fact of production of the information in this action to argue that any
8  privilege or protection has been waived. Within fourteen (14) days after a producing party or
9  receiving party identifies the information, and not thereafter, the receiving party may file a
10 motion to compel the production of the information on the basis that: (a) the information was
11 never privileged or protected from disclosure; or (b) any applicable privilege or immunity has
12 been waived by some act other than its production. The producing party and the receiving party
13 shall meet and confer in accordance with applicable rules regarding any such motion to compel.
14 Notwithstanding this provision, no party shall be required to return or destroy any information
15 that may exist on any disaster recovery backup system.

16 **CHALLENGE TO DESIGNATIONS.**

17     6. A receiving party may challenge a producing party's designation at any time. Any
18 receiving party disagreeing with a designation may request in writing that the producing party
19 change the designation. The producing party will then have ten (10) business days after receipt of
20 a challenge notice to advise the receiving party whether or not it will change the designation. If
21 the parties are unable to reach agreement after the expiration of this ten (10) business day time
22 frame, the receiving party may at any time thereafter seek an order to alter the confidential status
23 of the designated information. Until any dispute under this paragraph is ruled upon by the Court,
24 the designation will remain in full force and effect, and the information will continue to be
25 accorded the confidential treatment required by this Protective Order.

26 **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.**

27     7. Information designated as Confidential Information, Confidential Attorney Eyes
28 Only Information, or Highly Confidential Information – Source Code may only be used by

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page6 of 19

persons expressly authorized under this protective order, and only for this action, including any appeals or other proceedings related to the subject matter of this action.

8. Subject to paragraphs 12 and 14 below, Confidential Information may be disclosed by the receiving party only to the following individuals, and only if such individuals are informed of the terms of this Protective Order: (a) up to two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) up to two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by, or whose job duties require them to assist (b) and (c), such as paralegals, legal secretaries, data entry clerks, and legal clerks; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

9. Subject to paragraphs 12 and 14 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) up to two (2) in-house counsel who are identified by the receiving party and who are not involved, and shall not become involved, in any competitive decision-making up to and including (2) years after final termination of this action; (b) outside counsel for the receiving party; (c) supporting personnel employed by, or whose job duties require them to assist (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants; and (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

10. Subject to paragraphs 12 and 14 below, Highly Confidential Information – Source Code may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the

1  receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal
2  secretaries, data entry clerks, legal clerks, private photocopying services, whose services are
3  necessary for outside counsel's work with the Highly Confidential Information – Source Code
4  information or documents; and (c) up to (2) non-testifying experts or consultants and any
5  testifying expert provided, however, that should a non-testifying expert or consultant no longer be
6  retained by the receiving party with respect to this litigation, another non-testifying expert or
7  consultant may receive access in that expert or consultant's stead (a "replacement expert or
8  consultant"), although absent a showing of good cause no more than two (2) replacement experts
9  or consultants may receive access to the Highly Confidential Information – Source Code
10 information or documents.

        11. **Source Code Inspection**

        (a)     Any source code produced in discovery shall be made available for inspection, in a format and with utilities allowing it to be reasonably reviewed and searched. The available review software and utilities shall include the software development environment used by the producing party as well as appropriate standard programmer tools to assist in reviewing and searching of the source code. Should receiving party request an additional software utility to assist in the review or search of the source code, the producing party shall not unreasonably withhold consent to load the utility on the stand-alone computer provided, however, that the producing party shall have the right to require the receiving party to provide any third-party software that it does not possess.

        (b)     The source code shall be made available for inspection on a stand-alone computer in a secured room (either at the office of an independent escrow agent, with costs to be shared by the parties, or upon agreement at an alternate location) without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device, except that the reviewing party may create electronic files on the stand-alone computer for the purpose of maintaining work product (including code excerpts), which shall not be viewed by anyone not authored to view Confidential Information – Source Code or by anyone retained by, employed by,

1  or otherwise affiliated with, the producing party. Upon request by the receiving party, the
2  producing party will make a second review computer available, in order to enable parallel review
3  by multiple reviewers. Each review computer shall be equipped with a large monitor (minimum
4  24-inch), a mouse, and a reasonably fast processor(s) (e.g., Intel Core i7) and disk storage to
5  permit efficient search and review of code.

6       (c)    The receiving party shall be permitted to make printouts and photocopies of
7  portions of source code that are reasonably necessary for the preparation of court filings,
8  pleadings, expert reports, or other papers, but shall not obtain paper copies for the purposes of
9  reviewing the source code other than electronically as set forth in paragraph (a) in the first
10 instance. In no event may the receiving party print more than 30 consecutive pages of source
11 code during the duration of the case without prior written approval by the producing party. All
12 such source code in paper form must be marked with the label "HIGHLY CONFIDENTIAL -
13 SOURCE CODE" on each page. The receiving party shall maintain a log of all such files that are
14 printed or photocopied, and maintain a record of any individual who has inspected any portion of
15 the source code in electronic or paper form. The receiving party shall maintain all paper copies of
16 any printed portions of the source code in a secured, locked area.

17      (d)    The receiving party shall not create any electronic or other images of the paper
18 copies and shall not convert any of the information contained in the paper copies into any
19 electronic format, except as (1) necessary to prepare court filings, pleadings, or other papers
20 (including a testifying expert's expert report), (2) necessary for depositions, or (3) otherwise
21 necessary for the preparation of its case. Any paper copies used during a deposition shall be
22 retrieved by the producing party at the end of each day and must not be given to or left with a
23 court reporter or any other individual. At the conclusion of the deposition, the producing party
24 will collect each copy of any paper copy of source code and will retain the original of any such
25 exhibit, which shall not be appended to the transcript of the deposition. For avoidance of doubt,
26 however, counsel for the party taking the deposition is permitted to retain a copy of the exhibit
27 and use it as reasonably necessary, including in connection with expert reports, motions,
28 preparation for other depositions, and trial preparation.

Case 4:13-cv-04510-SBA Document 47 Filed 04/18/14 Page 9 of 19
Case4:13-cv-04510-SBA Document46 Filed04/18/14 Page9 of 19

12. **Authorized Experts, Consultants and In-House Counsel**

(a) Prior to disclosing Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code to a receiving party's proposed expert or consultant, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry in the last six years.

(b) Prior to disclosing Confidential Attorney Eyes Only Information to a receiving party's proposed in-house counsel, the receiving party must provide to the producing party a written request that (1) sets forth the full name of the in-house counsel and the city and state of his or her residence, and (2) describes the in-house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient, non-privileged detail to determine if in-house counsel is involved, or may become involved, in any competitive decision-making. Competitive decision-making shall be interpreted in light of the governing case law. Any relevant changes in job duties or responsibilities for in-house counsel prior to final disposition of the litigation shall be provided to the producing party to allow the producing party to evaluate any later-arising competitive decision-making responsibilities.

(c) The producing party will thereafter have five (5) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within five (5) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the five (5) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

13. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

8

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 4:13-CV-04510-SBA

sf- 3407966

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page10 of 19

14. Confidential Information, Confidential Attorney Eyes Only Information, Highly Confidential Information – Source Code may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the person is a director, officer, or employee of the designating party and (i) previously authored or received the information or (ii) is within the category of persons at the designating party authorized to access the information;

(b) the information was authored, or received for proper business purposes, outside the litigation context, by a representative of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of the confidential information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Prosecution Bar**

15. Absent written consent from the Producing Party, any individual who reviews technical Confidential Attorney Eyes Only Information or Highly Confidential Information – Source Code information shall not be involved in the prosecution of patents or patent applications relating to firewall technology or the subject matter of the Confidential Attorney Eyes Only Information or Highly Confidential Information – Source Code information reviewed, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include: (a) representing a party before a

domestic or foreign agency in proceedings that occur after the issuance of the patent (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, or inter partes review), other than a reissue or equivalent foreign procedure initiated by that party, and (b) seeking to obtain a patent from the U.S. Patent and Trademark Office as an inventor. This Prosecution Bar shall begin when Confidential Attorney Eyes Only Information or Highly Confidential Information – Source Code information is first reviewed by the affected individual and shall end two (2) years after final termination of this action.

**NON-PARTY INFORMATION.**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**FILING DOCUMENTS WITH THE COURT.**

17. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any information or items designated in this action as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code ("Protected Material"). A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the receiving party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of

1 confidential or proprietary information; (b) prejudice the rights of a party to object to the
2 production of information or material that the party does not consider to be within the scope of
3 discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that
4 particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge
5 for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive
6 the provisions or protections provided for in this Protective Order with respect to any particular
7 information or material.

**CONCLUSION OF LITIGATION.**

19. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order, except for documents containing Highly Confidential Information – Source Code wherein any party is entitled to retain only a single copy of such documents. Additionally, no entity is required to destroy information retained on a disaster recovery backup system.

20. Even after final judgment, the confidentiality obligations imposed by this Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs.

**Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**

21. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information that party must:

Case4:13-cv-04510-SBA Document46 Filed04/18/14 Page13 of 19

(a) promptly notify in writing the producing party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose confidential information may be affected.

22. If the producing party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the producing party's permission. The producing party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

23. If a receiving party learns that, by inadvertence or otherwise, it has disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the disclosing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

24. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**REMEDIES.**

25. It is Ordered that this Protective Order will be enforced by the sanctions set forth

1  in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge,
2  including the power to hold parties or other violators of this Protective Order in contempt. All
3  other remedies available to any person injured by a violation of this Protective Order are fully
4  reserved.

5　　　26.　Any party may petition the presiding judge for good cause shown if the party
6  desires relief from a term or condition of this Protective Order.

7

8  MORRISON & FOERSTER LLP                    IRELL & MANELLA LLP

9  /s/ *Michael A. Jacobs*                    /s/ *Lisa S. Glasser*

10 Harold J. McElhinny (SBN 66781)             Morgan Chu (SBN 70446)
   (hmcelhinny@mofo.com)                      (mchu@irell.com)
11 Michael A. Jacobs (SBN 111664)              Jonathan S. Kagan (SBN 166039)
   (mjacobs@mofo.com)                         (jkagan@irell.com)
12 Matthew I. Kreeger (SBN 153793)             1800 Avenue of the Stars, Suite 900
   (mkreeger@mofo.com)                        Los Angeles, California 90067-4276
13 Richard S.J. Hung (SBN197425)               Telephone: (310) 277-1010
   (rhung@mofo.com)
14 425 Market Street                          Lisa S. Glasser (SBN 223406)
   San Francisco, California 94105-2482       (lglasser@irell.com)
15 Telephone: (415) 268-7000                   David C. McPhie (SBN 231520)
                                              (dmcphie@irell.com)
16 *Attorneys for Plaintiff/Counter-Defendant*  840 Newport Center Drive, Suite 400
   *PALO ALTO NETWORKS, INC.*                  Newport Beach, CA 92660
17                                            Telephone: (949) 760-0991

18                                            *Attorneys for Defendant/Counter-Claimant*
                                              *JUNIPER NETWORKS, INC.*
19
20
21
22
23
24
25
26
27
28

13　　　　　　　　　　　　　　　　　　　[PROPOSED] STIPULATED PROTECTIVE ORDER
                                      CASE NO. 4:13-CV-04510-SBA

sf- 3407966

**[PROPOSED] ORDER**

IT IS SO ORDERED this 18 day of April, 2014.

~~Honorable Saundra B. Armstrong~~
~~UNITED STATES SENIOR DISTRICT JUDGE~~

Elizabeth D. Laporte
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page16 of 19

## ATTESTATION OF E-FILED SIGNATURE

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this [Proposed] Stipulated Protective Order. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Lisa S. Glasser has concurred in this filing.

Dated: April 18, 2014                          /s/ Michael A. Jacobs
                                                    Michael A. Jacobs

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PALO ALTO NETWORKS, INC.,

    Plaintiff/Counter-Defendant,

v.

JUNIPER NETWORKS, INC.,

    Defendant/Counter-Claimant.

Case No. 4:13-cv-04510-SBA

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

    Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential Information – Source Code" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code disclosed to me pursuant to the Protective Order except as permitted under the Protective Order and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Case4:13-cv-04510-SBA   Document46   Filed04/18/14   Page18 of 19

|   |   |
|---|---|
| 1 | I understand that I am to retain all documents or materials designated as or containing |
| 2 | Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential |
| 3 | Information – Source Code in a secure manner, and that all such documents and materials are to |
| 4 | remain in my personal custody until the completion of my assigned duties in this matter, |
| 5 | whereupon all such documents and materials, including all copies thereof, and any writings |
| 6 | prepared by me containing any Confidential Information, Confidential Attorney Eyes Only |
| 7 | Information, or Highly Confidential Information – Source Code are to be returned to counsel who |
| 8 | provided me with such documents and materials. |

Signature: _____

Date: _____

# Exhibit B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO NETWORKS, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JUNIPER NETWORKS, INC., <br><br> Defendant/Counter-Claimant. | Case No. 4:13-cv-04510-SBA |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential Information – Source Code" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Highly Confidential Information – Source Code disclosed to me pursuant to the Protective Order except as permitted under the Protective Order and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signature: _____

Date: _____